IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00349-CNS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DAVIN MEYER,

     Defendant.

---

**MR. MEYER'S RESPONSE TO *GOVERNMENT'S EMERGENCY MOTON FOR A STAY AND REVOCATION OF RELEASE ORDER* [ECF #155] AND REQUEST TO AFFIRM THE MAGISTRATE'S RELEASE ORDER OR IMMEDIATE TRANSFER TO A THIRD-PARTY RESIDENTIAL FACILITY PENDING FURTHER PROCEEDINGS REGARDING CONDITIONS OF RELEASE**

---

Davin Meyer, through undersigned counsel, hereby submits his response to the Government's request for a stay and revocation of release order. For reasons identified within this motion, it is requested that the court, if not affirming the magistrate's release order, allow Mr. Meyer to transfer to a third-party residential facility pending further proceedings addressing the *Government's Emergency Motion for a Stay and Revocation of Release Order* (Motion) filed November 4, 2025 (ECF #155)

### Procedural Background

The government's Motion accurately reflects the procedural history relating to Mr. Meyer's detention and then release status. (ECF #155 at 6-9). Of note is that after Mr. Meyer was granted release on June 27, 2025, from detention to the Raleigh House

treatment program, with what the Motion describes as "stringent conditions", the government did not file an appeal of the release order (ECF #87).

A motion on Mr. Meyer's behalf was subsequently filed on September 26, 2025, asking to amend the conditions of his release. The government filed a response allowing for placement at a neighboring residential facility, with many of the same conditions, while permitting greater freedom of movement if consistent with treatment purposes and under supervision. (ECF #136 and #140). In anticipation of an additional request for a change in placement conditions, both the government and defense counsel requested that a status conference be set on October 28, 2025, to revisit Mr. Meyer's placement.

The hearing, before Magistrate Neureiter, resulted in an order granting Mr. Meyer permission to reside at his home residence along with other conditions of release. (ECF #151). It is this order that the government now requests to be reviewed.

The government goes to great pains to revisit the basis for the indictment, the purported strength of their case and the behavior of Mr. Meyer prior to his arrest and during his initial period of detention. The last event, as described by the government suggesting Mr. Meyer continues to be a threat to the community requiring strict conditions of release, is from August of 2024. They do not seek to revoke Mr. Meyer's release from detention but objects to a change of condition allowing him to live with his mother on home detention. (ECF #155 at 9)

2

**Standard for Release Under Conditions**

The requirements of 18 U.S.C. §3142, as pertinent to Mr. Meyer, was addressed in *Defendant's Second Motion to Amend Conditions of Release*:

> 18 U.S.C. §3142 (c) allows release even if circumstances exist that may raise concerns regarding the safety of any person or the community. The court has already reached that conclusion based on Mr. Meyer's current release status. In making the release decision the court is, and was, guided by subjecting Mr. Meyer to "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community" including the imposition of conditions.

(ECF #149 at 6).

The conditions required to fulfill the objectives of §3142 is not a static concept and a judicial officer may at any time amend the order to impose different conditions of release. 18 U.S.C. 3142 (c)(3). The circumstances justifying a change in Mr. Meyer's condition of release returning him to his home are contained in the Defendant's *Second Motion to Amend* and incorporated herein by reference. (ECF #149). The most compelling argument that he is no longer a danger to the community justifying a change in conditions is best demonstrated by the four months he has been residing in the community. While conditions restricted Mr. Meyer to the treatment center at Raleigh House in Watkins Colorado, under supervision and with GPS monitoring, he had a constant ability to violate those conditions. Mr. Meyer was not on lock-down and was given the luxury to walk the grounds of the facility—he could have absconded at

any time. Instead, he was given increasing freedom as he successfully completed the phases of treatment.

The concern for his behavior, and potential danger to the community, was addressed by Ms. Cacase, Raleigh House Clinical Director, who was a witness at the change of conditions hearing before Magistrate Neureiter. Ms. Cacase testified that Mr. Meyer did not display any aggressive behavior, there was no concern that he posed a danger to anyone at the facility, to the contrary he was respectful to staff and other participants in the program.

The Government's submission raises a concern, initially shared by Magistrate Neureiter, that Mr. Meyer may pose a danger to his mother, Ms. Deanna Meyer. Ms. Meyer testified at the initial detention hearing in July of 2023 that she did not fear having Mr. Meyer released to her custody. This sentiment was again expressed in a letter provided to Magistrate Neureiter and in her testimony at the October 28th hearing. (ECF 149-1). Ms. Meyer testified that she has been in constant telephone contact with her son and visited him weekly while at Raleigh House. Their interactions have been loving and supportive without a hint of aggression or animosity.

**Mr. Meyer's Current Circumstances of Release**

Mr. Meyer was released to Raleigh House on July 2, 2025. He has successfully completed the inpatient program at the "Ranch" and was allowed, by stipulation, to proceed to the partial hospitalization program at the "Summit," both Raleigh House facilities. The treatment protocol, as presented to Magistrate Neureiter by the testimony

4

of Ann Cacace, would be for Mr. Meyer to no longer remain in these residential treatment facilities but progress to more independent living arrangements. The Raleigh residential treatment program is exceptionally expensive, not financially feasible and no longer therapeutically appropriate. As confirmed in the Government's motion, the Raleigh House after care program or residential outpatient program is not an option due to the presence of, and orders entered, in Humzah Mashkoor's case (Case No. 24-cr-0018-RMR (D. Colo.) (ECF #155 fn2).

Mr. Meyer completed the Inpatient Hospitalization and then the Partial Hospitalization program at Raleigh House on November 3, 2025. Understanding the circumstances of Mr. Meyer's release status, and the hearings being conducted concerning conditions of his release, they have graciously allowed him to stay at the facility but only until Monday, November 10, 2025.

**Release to His Residence as an Appropriate Placement**

The circumstances of Mr. Meyer, as provided to the court by the testimony of Dr. Gavisk at the release hearing on June 27, 2025, and the testimony of Ms. Cacase at the most recent change of conditions hearing, demonstrates a much different individual than described by the government in their objections to home release. It has been over a year since any behavior the government has indicated is of concern. His release from detention was predicated on placement at a facility that could not only monitor his behavior but address mental health concerns. Mr. Meyer has demonstrated his commitment to treatment and significant improvement on managing his behavior. The

best indication of the change in his actions, demeanor and interests has been the testimony of treating professionals and his absolute compliance with conditions of release since July 2, 2025.

The conditions of his release as required by Magistrate Neureiter and contained in the Government's objection, are 1) the defendant live with his mother; 2) both his mother, Deanna Meyer, and his grandmother, Carol Meyer, serve as third-party custodians for the defendant; 3) the defendant attend intensive outpatient treatment at least 3 times per week; 4) home detention and 5) no internet access or access to internet capable devices. (ECF #155 at 8). All these conditions can be followed with release to his home residence.

Magistrate Neureiter, along with this court, has asked that the use of GPS while at the residence be explored. The difficulty of GPS monitoring at the Sedalia residence was contained in Defendant's *Second Motion to Amend Conditions of Release*, prior to the hearing, and confirmed by the probation officer's *Status Update*. (ECF #149 and #158). Conditions can be entered that will comply with §1342 requirements even in the absence of a constantly connected GPS device.

The Meyer residence is on 480-acres of rural property (conservation easement) nine miles west of Sedalia, Colorado. There are no nearby stores, public transportation, or residences other than family. Rather than a place that increases the chance of Mr. Meyer's lack of compliance its seclusion reduces the likelihood of his failing to comply with conditions or resulting in danger to the community. There has been no evidence that Mr. Meyer is capable of successful independent living or has a place to reside other

6

than with his family. Ms. Meyer and Davin's grandmother, Ms. Carol Meyer have agreed to be third party custodians. They have both assured the court that any violation of conditions will be reported. Ms. Carol Meyer has already demonstrated her willingness to provide information concerning Davin Meyer as recounted in the government's Motion.

The household has only two internet capable devices possessed by Ms. Deanna Meyer, an Android phone and MacBook. Both are secured with fingerprint authentication that Mr. Meyer cannot bypass. If such a security feature is not sufficient Ms. Meyer would move both devices to her mother's residence, a quarter mile away, or install court-approved monitoring software.

While the GPS does not work at the residence due to it operating through cell-tower communication, the ankle monitor would confirm his attendance at treatment sessions and Ms. Meyer would be willing to drive him to a cell tower accessible location as often as required by the court so that his continuing presence at the residence could be verified.

The following conditions would suffice to ensure safety to the community while Mr. Meyer resides with his mother on the Sedalia property:

- 24-hour supervision by Ms. Deanna and Ms. Carol Meyer
- No access to internet-enabled devices or unsupervised electronics
- Pre-approved travel only for therapy, court, probation, or attorney appointments
- Daily verification calls or other check-ins as directed by probation

7

- Immediate reporting of any noncompliance

### Request for Order Allowing for Home Placement or Residence at Lotus Lodge Pending Further Proceedings

Mr. Meyer's treatment at Raleigh House has been completed and continuing in their residential treatment program no longer possible. There are very few residential facilities that provide a program that addresses Mr. Meyer's needs. Ms. Cacase testified before Magistrate Neureiter about her knowledge of *Lotus Lodge Recovery.* She was very familiar with the program and indicated it was the residential facility that was recommended by Raleigh House for those not continuing in their residential program. She was complimentary of the staff, which includes wrap-round services and on-site professionals capable of helping Mr. Meyer with the challenges he faces. Mr. Meyer's pretrial services probation officer was notified of this placement and endorsed it as an appropriate facility based on his confidence in the recommendation provided by Raleigh House.

Gene Shilling, the owner and credentialed case manager, was contacted and can accommodate Mr. Meyer at the facility located at 1st Main Street Aurora, Colorado. He has been made aware of the charges pending against Mr. Meyer and is willing to ensure compliance with conditions of release. He indicated to counsel that individuals under court supervision have been ordered into his program including those with travel restrictions.

8

**Conclusion**

Mr. Meyer has been in an unlocked facility for over 4 months without any instances of violating his conditions of release nor any anti-social or aggressive behavior. His placement allowed for supervision while released and had the added benefit of therapeutic treatment. By all accounts his treatment has been productive and he is functioning much differently than when first incarcerated. It has been sufficiently demonstrated that his residence at home would allow for the least restrictive conditions while ensuring he is not a danger to the community. Further support for this conclusion is contained in the hearing testimony presented to Magistrate Neureiter available for the court's review. It is requested that the court order a change to the conditions of release allowing Mr. Meyer to reside at his family residence in Sedalia, Colorado. Should the court require additional information, or the desire to set the matter for hearing, it is requested that pending a more complete review of Magistrate Neureiter's release order Mr. Meyer be permitted to reside at *Lotus Lodge Recovery Support* with site restrictions monitored by GPS, a prohibition on internet access, attendance at programs required by Lotus Lodge and regular sessions of outpatient treatment.

Dated: November 6, 2025.

9

Respectfully submitted,


s/ David S. Kaplan
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com

*Counsel for Davin Meyer*


### Certificate of Service

I certify that on November 6, 2025, I electronically filed the foregoing *Mr. Meyer's Response to Government's Emergency Motion for a Stay and Revocation of Release Order [ECF #155] and Request to Affirm the Magistrate's Release Order or for an Immediate Transfer to a Third Party Residential Facility Pending Further Proceedings Regarding Conditions of Release* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Melissa Hindman, AUSA
U.S. Attorney's Office – Denver
1801 California Street, Suite 1600
Denver, CO 80202


s/ Hannah Martin
Hannah Martin, Paralegal