IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cr-00349-CNS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DAVIN MEYER,

     Defendant.

---

**Motion to Exclude Proposed Expert Testimony of Eleonore Saleh**

---

Davin Meyer, through counsel, moves to exclude the testimony of proposed translation expert Eleonore Saleh because the government has failed to provide an expert disclosure consistent with the requirements of Fed. R. Crim. P. 16(a)(1)(G).

The government's expert disclosure states:

> Complete Statement of All Opinions:  Ms. Saleh is an FBI Linguist who will testify about translations from Arabic to English from the defendant's online communications and recorded statements. The government will supplement this disclosure with a glossary of her translations.

*See* Exhibit 1. The disclosure fails to identify that terms that Ms. Saleh will translate. The disclosure fails to supply the translations.

Rule 16 requires a complete statement of all opinions. Ms. Saleh's opinions are what certain Arabic words or phrases mean in English. The expert disclosure provides none of those opinions.

The "disclosure for each expert witness must contain: a complete statement of all opinions that the government will elicit from the witness." Fed. R. Crim. P.

16(a)(1)(G)(iii). The purpose of this requirement is to afford the defendant the opportunity to review the proposed testimony, contest it as appropriate, and "provide a fair opportunity to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii); Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment.

The defense cannot prepare to meet the proposed testimony if the defense does not know what the proposed testimony will be. In order to properly prepare, the defense must know what terms Ms. Saleh intends to translate and what those translations will be. The defense must assess whether it will require the services of its own translation expert and, to the extent necessary, prepare for cross-examination of Ms. Saleh. The defense cannot do so in the absence of the required disclosure. Should the government produce this information at a later date, the failure to provide this information within the time required to evaluate the translations will unfairly prejudice Mr. Meyer's right to a fair trial.

For these reasons, the Court should exclude the proposed testimony of Ms. Saleh.

Dated: June 5, 2026

Respectfully submitted,


*s/ David S. Kaplan*

David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com

*Counsel for Davin Meyer*

**Certificate of Service**

I certify that on June 5, 2026, I electronically filed the foregoing *Motion for Leave to File a Reply to Government's Supplemental Response (ECF 221)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Melissa Hindman, AUSA
melissa.hindman@usdoj.gov

s/ Nancy Hickam
Nancy Hickam, Paralegal